■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Respondent, v PEMBROOKE HOLDINGS CORPORATION et al., Appellants, and BALTIC INTERNATIONAL USA, Intervenor-Appellant. [766 NYS2d 17] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered April 24, 2002, which, inter alia, granted plaintiff's motion for the turnover to it of certain escrowed funds, unanimously affirmed, with costs.

Plaintiff's turnover motion was properly granted. The escrowed funds at issue represent the proceeds of the sale of certain stock, which stock was, pursuant to a settlement agreement between plaintiff and defendants Alston, Pembrooke and Pembrooke Calox, to be applied in partial satisfaction of the amount owed plaintiff under the settlement agreement. When

the amount owed under the settlement agreement was not timely paid, plaintiff, as was its right under the settlement agreement, entered judgment against defendant Pembrooke Calox in the principal amount of $403,233.63 and thereafter made the present motion for the turnover of the escrowed funds in partial satisfaction of the judgment. Intervenor Baltic International opposes the turnover urging that the judgment in satisfaction of which the escrowed funds are sought should be vacated pursuant to CPLR 5015 and that it has a superior right to the escrowed funds. However, even if Baltic International has standing to seek vacatur of the judgment against Pembrooke Calox under CPLR 5015 as an "interested person," it has made no showing warranting vacatur (see CPLR 5015 [a] [1]-[5]). Baltic was a signatory to the settlement agreement, and while Baltic now claims a superior security interest in the stock sale proceeds at issue, no reference to any such interest was made in the settlement agreement. Indeed, any security interest Baltic may have had was terminated when, pursuant to the settlement agreement, the subject shares were delivered for liquidation to the agent designated by the debtor.

To the extent that defendants' remaining arguments are properly before us, they have been considered and found unavailing. Concur—Tom, J.P., Saxe, Rosenberger and Marlow, JJ.